UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JO ANN NEGRON, <br>     Plaintiff, <br><br> v. <br><br> RICHARD DEFELICE; <br> VALENTINO'S ITALIAN MARKET OF NASHUA, LLC; <br> VETERAN DINING, LLC; and <br> JOHN WHITE; <br>     Defendants | Case No. _____ <br> JURY TRIAL REQUESTED |

## COMPLAINT

NOW COMES the plaintiff Jo Ann Negron, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the following Complaint for violation of the Fair Labor Standards Act as amended by the Equal Pay Act:

### I. Parties

1. The plaintiff, Jo Ann Negron, is a former employee of the defendants. Ms. Negron resides at 526 Abbott Farm Lane, Hudson, New Hampshire 03051.

2. The defendant Richard Defelice exerted operational control over, and held ownership interests in, D & D Dining Enterprises, LLC ["D & D"], and the defendant Valentino's Italian Market of Nashua, LLC, at times relevant to this action. The defendant Defelice resides in New Hampshire and has a mailing address of 14 Crestwood Lane, Nashua, New Hampshire 03052.

1

3. The defendant Valentino's Italian Market of Nashua, LLC ["Valentino's Italian Market"] is a New Hampshire corporation with a principal place of business at 383 East Dunstable Road, Nashua, New Hampshire 03062.

4. The defendant Veteran Dining, LLC ["Veteran Dining"] is a New Hampshire limited liability company with a principal place of business at 6 Temple Drive, Litchfield, New Hampshire 03052.

5. The defendant John White is a resident of New Hampshire with a mailing address of 6 Temple Drive, Litchfield, New Hampshire 03052.

## II. Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §216(b). The Court may exercise personal jurisdiction over the defendants because they are residents of New Hampshire.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events and omissions giving rise to the plaintiff's claims occurred in New Hampshire.

## III. Facts

### The Employers

8. From at least approximately 2010 through the spring of 2016, Mr. Defelice owned several New Hampshire corporations, including D & D Dining Enterprises, LLC and Valentino's Italian Market.

9. D & D owned and operated Valentino's Restaurant in Hudson, New Hampshire.

10. Valentino's Italian Market meanwhile had (and continues to have) a storefront market at 383 East Dunstable Road, Nashua, New Hampshire.

11. D & D employed approximately thirty (30) employees, had a function facility and a sports bar, and sat more than 300 patrons. It was open seven (7) days a week and took in approximately $2 to $3 million dollars in gross receipts annually.

12. Valentino's Italian Market employed, and continues to employ, approximately fifteen (15) employees to operate its café, bakery, and pizzeria, where it sells alcoholic beverages. At all times relevant to this Complaint, Valentino's Italian Market grossed approximately $1 million dollars annually.

13. D & D and Valentino's Italian Market constituted a single or "integrated" employer for all times relevant to this action, including all times before D & D transferred Valentino's Restaurant to Veteran Dining.

14. There was common ownership of the entities, where the defendant Defelice held an ownership interest in both D & D and Valentino's Italian Market.

15. There was likewise common management of the entities, where the defendant Defelice's wife, Regina, managed both operations and supervised the employees at both operations.

16. Furthermore, the operations of the two (2) entities were interrelated, as evidenced by the fact that D & D and Valentino's Italian Market operated a catering business together, serving common clientele.

17. Moreover, there was centralized control of labor relations, as evidenced by the fact that employees at D & D and Valentino's Italian Market received the same employee manual. D & D and Valentino's Italian Market also shared employees, meaning that employees were regularly directed to work part of a workweek at one location and the remainder of the workweek at the other.

3

18. In 2014, the New Hampshire Department of Labor conducted an inspection of Valentino's Italian Market of Nashua, LLC, D & D Dining Enterprises, LLC, and Newport Construction Corporation [Newport] (another corporation in which the defendant Defelice held an ownership interest) for compliance with wage and hour laws. The New Hampshire Department of Labor inspection (under which Valentino's Italian Market, D & D Dining and Newport were treated collectively as a single employer) determined that the single employer had committed multiple violations of New Hampshire wage and hour law, doing such things as failing to pay employees wages due for hours worked, failing to comply with minimum wage obligations, failing to keep required time records for employees, and failing to keep required documentation showing that employees were authorized to work in the United States.

19. The prior year, the United States Department of Labor had conducted an inspection of D & D and Valentino's Italian Market, considering them to constitute a single employer. The U.S. Department of Labor determined that D & D and Valentino's Italian Market had failed to pay employees wages and overtime compensation owing.

20. In or around the spring of 2016, the defendant Defelice and D & D transferred the Hudson restaurant to the defendant Veteran Dining, in which entity the defendant John White holds ownership interest and operational control. Soon thereafter, D & D dissolved.

21. Veteran Dining continued the operation of the Hudson restaurant, maintaining its gross annual income in excess of $500,000.00.

22. Valentino's Italian Market continued its operations and remains a New Hampshire Corporation in good standing as of the date of this Complaint.

**The Plaintiff's Employment**

23. In or around April of 2010, the defendant Defelice hired the plaintiff to work as a line cook at the Hudson restaurant but also assigned her to work at Valentino's Italian Market.

24. In or around 2011, the defendant Defelice promoted the plaintiff to Head Chef at the Hudson restaurant, changing the plaintiff from an hourly employee to a salaried employee.

25. In or around April of 2013, the defendant Defelice requested that the plaintiff work primarily as Kitchen Manager at the Market location, because, he said, the male kitchen staff at the Hudson restaurant would have more respect for a male head chef.

26. Upon the plaintiff's placement in the new position, in or around August of 2013, the defendant Defelice reduced the plaintiff's rate of pay.

27. In or around June of 2014, the defendant Defelice transferred the plaintiff to work primarily as a line cook at the Hudson restaurant and established her rate of pay there.

28. The plaintiff worked in this capacity until the spring of 2016, when D & D sold its assets to the defendant Veteran Dining.

29. Until around August of 2016, the plaintiff continued to work as a line cook at the Hudson restaurant, for the defendant Veteran Dining, under the supervision of the defendant owner White.

30. The defendant White approved and maintained the plaintiff's rate of pay.

31. The plaintiff is an experienced and highly credentialed chef, having graduated from the prestigious Le Cordon Bleu College of Culinary Arts, as well as being ServSafe certified.

32. At all times relevant to this Complaint, the plaintiff was the only employee of the defendants with such credentials.

**The Plaintiff's Comparators**

33. In around April of 2014, when the plaintiff remained employed primarily as Kitchen Manager at the Market location, the defendants hired an additional male kitchen manager ("Brandon") for the Market.

34. The defendants Defelice and Valentino's Italian Market paid Brandon, who was less experienced and less credentialed than the plaintiff, significantly more per hour than the plaintiff.

35. The defendants Defelice and Valentino's Italian Market awarded Brandon the higher rate of pay notwithstanding that Brandon had fewer work assignments and a lighter workload than the plaintiff had, and notwithstanding that Brandon performed at or below the plaintiff's performance level as Kitchen Manager.

36. After discovering that Brandon was being paid more than she, the plaintiff transferred to the Hudson restaurant to work as a line cook. The Hudson restaurant employed another line cook ("Wellington"). Like Brandon, Wellington was less experienced and less credentialed than the plaintiff, no better a performer than the plaintiff, and tasked with no additional or different work as compared to the plaintiff.

37. Despite Wellington's lower qualifications and equal or lesser skill set, the defendants Defelice and Valentino's Italian Market paid Wellington significantly more per hour than they paid the plaintiff. The defendants also enabled Wellington to earn significantly more money than the plaintiff was able to earn by affording Wellington overtime opportunities that the defendants did not provide the plaintiff. Because the defendants gave Wellington a higher rate of pay than the plaintiff, and because the defendants gave Wellington overtime opportunities that

the defendants did not afford the plaintiff, the defendants paid Wellington significantly more per week than the plaintiff, for doing the same work at the same or lesser skill level.

38. The defendants White and Veteran Dining perpetuated the discriminatory pay scheme when they became the employers of the plaintiff and of Wellington, continuing to pay Wellington significantly more per week than they paid the plaintiff, for doing the same work at the same or lesser skill level.

**COUNT I – Against All Defendants**
**Violation of U.S. Equal Pay Act of 1963, 29 U.S.C. § 206(d)**
**(an amendment to the Fair Labor Standards Act)**

39. The allegations of the preceding paragraphs are re-alleged and incorporated herein.

40. The plaintiff was engaged in interstate commerce for all periods of her employment with the defendant and was therefore individually covered under the FLSA.

41. The defendants, and each of them, were engaged in interstate commerce, and had gross annual volumes of business done in excess of $500,000.00, for all times relevant to this action and therefore constituted covered employers pursuant to the principles of enterprise coverage. *See* Chen v. C & R Rock, Inc., 2016 DNH 60, 7 (D.N.H. Mar. 22, 2016) (quotations omitted) (stating that "[a] restaurant with over $500,000 in annual sales satisfies" the FLSA definition of employer, noting that "it is reasonable to infer that the myriad goods necessary to operate a restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from in-state.").

42. 29 U.S.C. § 206(d)(1) of the Fair Labor Standards Act makes it unlawful for an employer to:

> … discriminate … between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays

wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

43. In defining what constitutes an employer under the FLSA, 29 U.S.C. § 203 provides that "employer" includes: "any person acting directly or indirectly in the interest of an employer in relation to an employee." A person's operational control over significant aspects of the business, and the person's ownership interest in the business, support the person's status as an employer along with the corporation. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 47 (1st Cir. 2013).

44. The defendant Defelice was the plaintiff's employer pursuant to 29 U.S.C. §203 because he held an ownership interest in both D & D and Valentino's Italian Market, because he exerted operational control over both businesses and because he acted in the interest of D & D and Valentino's Italian Market in establishing the plaintiff's rate of pay as compared to comparator male employees.

45. Valentino's Italian Market also constitutes an employer of the plaintiff for purposes of imposing liability under the Fair Labor Standards Act under the single employer test, pursuant to which "two nominally separate companies may be so interrelated that they constitute a single employer subject to liability…." Torres-Negron v. Merck & Co., 488 F.3d 34, 40-41 (1st Cir. 2007). Separate entities are deemed to be parts of a single employer if the two (2) entities share such things as common ownership, common management, interrelated operations, and centralized control of labor relations — all of which factors were present in the relationship between D & D and Valentino's Italian Market. Id. at 42.

46. Because D & D together with Valentino's Italian Market constituted a single integrated employer of the plaintiff, Valentino's Italian Market bears liability for the violations
8

of the Equal Pay Act alleged herein. Id. at 41 n. 7 (quotations omitted) (emphasis in original) ("There is well-established authority under the single-employer theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose *liability* for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer.").

47. Veteran Dining was the plaintiff's employer following the sale of the Hudson restaurant from D & D to Veteran's Dining.

48. The defendant White was also the plaintiff's employer following the sale of the Hudson restaurant from D & D to Veteran Dining pursuant to 29 U.S.C. §203 because he held an ownership interest in Veteran Dining, because he exerted operational control over Veteran Dining, and because he acted in the interest of Veteran Dining in establishing the plaintiff's rate of pay as compared to comparator male employees.

49. As Kitchen Manager and as a line cook, the plaintiff performed work requiring substantially equal skill, effort, and responsibility, as the work performed by Brandon and Wellington respectively. The plaintiff and Brandon worked under the same Kitchen Manager job description, while the plaintiff and Wellington worked under the same Line Cook job description. Neither Brandon nor Wellington worked under more onerous conditions as compared to the plaintiff, and if work assignments and load differed at all, the plaintiff was more taxed as compared to the male employees.

50. The defendants, and each of them, unlawfully discriminated against the plaintiff on the basis of sex by paying wages to the plaintiff at rates less than the rates at which it paid Brandon and Wellington — male employees working in the same positions, under the same or

easier conditions, and performing equal work, in jobs the performance of which required substantially equal skill, effort and responsibility.

51. The defendants, and each of them, willfully violated the Equal Pay Act, acting with knowledge and/or with reckless disregard of the fact that the statute prohibited their conduct with respect to how they compensated the plaintiff as opposed to how they compensated male comparators of the plaintiff. In particular, The United States Department of Labor and New Hampshire Department of Labor inspections referenced herein, occurring in 2013 and 2014 respectively, support that the violations by the defendants Valentino's Italian Market and Defelice of the Fair Labor Standards Act as amended by the Equal Pay Act result from knowing violation and/or reckless disregard of the law.

52. As a direct and proximate result of the defendants' willful violations of the Equal Pay Act, the plaintiff has incurred and continues to incur damages, including without limitation lost wages pursuant to 29 U.S.C. §216(b). The plaintiff is further entitled to recover liquidated damages, as well as attorney's fees and interest, pursuant to 29 U.S.C. §216(b).

WHEREFORE, the plaintiff Jo Ann Negron respectfully prays that this Honorable Court:

A. Schedule this matter for trial by jury, and after trial:

B. Find the defendant liable for violation of the Equal Pay Act, 29 U.S.C. §206(d);

C. Award the plaintiff her lost wages;

D. Award the plaintiff liquidated damages;

E. Award the plaintiff interest and costs;

F. Award the plaintiff attorney's fees; and

G. Grant such other and further relief as is just and equitable.

Dated: March 6, 2017

Respectfully submitted,
JO ANN NEGRON
By her attorneys
DOUGLAS, LEONARD & GARVEY, P.C.

By: /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
/s/ Megan E. Douglass
Megan E. Douglass, NH Bar #19501
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com
mdouglass@nhlawoffice.com