```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jo Ann Negron

    v.                                          Case No. 17-cv-95-LM
                                                    Opinion No. 2018 DNH 104

Richard DeFelice, et al.

## **O R D E R**

Before the court is a motion to compel filed by plaintiff Jo Ann Negron (doc. no. 31). She seeks interrogatory responses and documents that defendants Richard DeFelice and Valentino's Italian Market of Nashua, LLC, allegedly failed to produce. Defendants object. The court held a hearing on May 11, 2018, and took the matter under advisement. For the following reasons, Negron's motion is granted in part.

Generally, the discovery that Negron requests relates to two sets of individuals. The first set consists of individuals that Negron has already identified as relevant actors in the complaint, including Wellington DeSouza (a male comparator), Brenden Mazur (same), and herself. Negron seeks, among other things, more information and records about their rate of pay, hours worked, and job-performance reviews. The second set consists of all other employees. Negron wants similar information pertaining to all employees so that she can investigate whether other male comparators exist. In addition,

1

Negron requests tax returns from defendants for the years 2013-2016. Negron asserts that all of the discovery that she requests is relevant to her claim under the Equal Pay Act. See 29 U.S.C. § 206(d)(1) (stating that no employer may "discriminate . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex").

Defendants primarily contend that the court should deny the motion as untimely. Where, as here, the scheduling order fixes no specific deadline for filing motions to compel, courts "look to the deadline for completion of discovery." Days Inn Worldwide Inc. v. Sonia Invs., 237 F.R.D. 395, 397 (N.D. Tex. 2006) (collecting cases); David v. Signal Int'l LLC, No. 08-1220, 2014 WL 6612598, at *2 (E.D. La. Nov. 19, 2014). By that measure, Negron's motion is indeed late. Discovery was to be completed on March 1, Negron sent an email to defense counsel informally seeking the discovery at issue on March 23, and she did not file the present motion until April 4.

That fact does not necessarily doom Negron's motion, however. A court may still consider a late motion to compel, depending on the circumstances of the case. In a thorough examination of the issue, one court distilled the case law into a list of factors that should be considered in deciding whether

to permit a motion to compel filed after the completion of discovery:

> (1) the length of time since the expiration of the deadline,
> (2) the length of time that the moving party has known about the discovery,
> (3) whether the discovery deadline has been extended,
> (4) the explanation for the tardiness or delay,
> (5) whether dispositive motions have been scheduled or filed,
> ([6]) the age of the case,
> ([7]) any prejudice to the party from whom late discovery was sought, and
> ([8]) disruption of the court's schedule.

Days Inn, 237 F.R.D. at 398. The parties agree that this multi-factor test governs the issue, so the court applies it here.

Based on a review of these factors, the court concludes that the untimeliness of Negron's motion precludes her from seeking some, but not all, of her requested discovery. Specifically, to the extent Negron seeks discovery of all employees in order to investigate potential male comparators, these factors weigh against consideration of the motion. But, to the extent Negron seeks narrow discovery about the identified male comparators and herself, the factors weigh in favor of permitting the motion. The court will discuss the requested tax returns separately.

The court finds the following factors material in its determination. The first, second, and fourth factors—the length of time since the discovery deadline, the length of time the

3

moving party has known about the discovery, and the explanation for the delay—weigh marginally against Negron. At bottom, the present predicament is one of Negron's own making. Negron did not propound discovery until January 10, 2018, less than two months before the close of discovery. Given the thirty days that defendants would have to respond to her requests, Negron created a circumstance in which she would have a very short timeframe to review discovery and resolve any disputes that might arise.[1]

    Moreover, the court is not persuaded by Negron's explanation for the delay—that she only realized the significance of the omitted discovery when she learned of defendants' affirmative defense after DeFelice's and DeSouza's depositions. That defense (i.e., that any pay differential was attributable to factors other than sex) is consistent with the explanation defendants set forth in their answer to the complaint. See doc. no. 7. Thus, Negron should have been aware of the significance of the omitted discovery when she reviewed defendants' responses in mid-February.

---

[1] It is also worth noting that the scheduling order stated that "the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served." Doc. no. 19 at 1.

Still, within that procedural context, the court finds the delay understandable. Negron propounded discovery close to the deadline, and attempted to juggle document review with other responsibilities, including depositions and drafting a demand letter. Negron did not initially realize that defendants had failed to provide some discovery, and she moved relatively quickly after the discovery deadline to rectify the mistake. The court views this as a relatively minor, excusable oversight.

The more significant factors under these circumstances are prejudice to defendants and disruption of the court's schedule. As defendants noted at the hearing, they could incur prejudice to the extent Negron is allowed broad discovery to investigate other potential male comparators.[2] That is, if Negron is allowed discovery for the purpose of enlarging or modifying her theories of liability, defendants would be placed at a disadvantage given the completion of discovery and the filing of dispositive motions. And it would disrupt the court's schedule, insofar as the parties would need additional time to investigate any new comparators. Furthermore, in light of the contentious stances

---

[2] Defendants also argue that they were prejudiced because Negron violated an agreement to permit Negron to depose DeSouza after the discovery deadline on the understanding that she would not seek further discovery. Negron disputes that characterization of the agreement. As the court noted at the hearing, the court finds each side's interpretation of the agreement reasonable, and so gives no weight to this argument.

the parties took in the present discovery dispute, the court has some concern that broad discovery will lead to more disputes, requiring judicial intervention and delaying the case further. By contrast, narrow discovery related to the identified male comparators would not pose the same prejudice to defendants or create a risk of disrupting the orderly pace of this litigation.

For these reasons, the court will permit Negron's late motion to compel only to the extent it seeks discovery related to the identified male comparators (DeSouza and Mazur) or herself. Because defendants do not dispute that the requested discovery, as narrowed by the court, is relevant and discoverable, Negron's motion is granted to that extent. In order to allow expeditious consideration of the parties' motions for summary judgment, Negron will not be permitted to supplement her summary-judgment briefing with any of the discovery she obtains as a result of the motion to compel.

The court turns to the only remaining item: defendants' tax returns. Unlike the discovery discussed above, the court finds Negron's excuse less meritorious with respect to the tax returns. In their February 9 response to Negron's request for production, defendants flatly stated that the tax returns were not reasonably calculated to lead to admissible evidence. Thus, Negron was on notice of a potential dispute in mid-February, and she nonetheless made no effort to resolve it until mid-March.

Her delay is material because courts employ a more stringent standard when evaluating whether tax returns are discoverable. See Buntzman v. Springfield Redevelopment Auth., 146 F.R.D. 30, 32 (D. Mass. 1993) (discussing standard). Negron should have acted in a timely manner to place the issue before the court so that it could be fully developed and resolved. As it stands, neither party has addressed this standard, and the court is not inclined to allow further litigation of the question. Therefore, the court will not permit Negron's motion to compel to the extent it seeks defendants' tax returns.

Finally, the court denies the parties' requests for attorney's fees. If a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Given the substantial justifications for the parties' positions, the court does not consider apportionment appropriate.

## CONCLUSION

For the reasons stated herein, the motion to compel (doc. no. 31) is granted in part. The court orders the following:

- Defendants shall respond fully to Interrogatories 7, 14, and 15.

- Defendants shall respond to Interrogatories 8, 9, 13, and 16, and Request for Production 11, but only to the

extent that they relate to Wellington DeSouza, Brenden Mazur, or Jo Ann Negron.

- If a dispute over defendants' responses arises, the parties shall meet and confer within 72 hours of receipt of defendants' responses. If the meet and confer does not resolve the dispute, the party seeking relief shall file a motion with court within 48 hours of the meet and confer. The court will not consider any untimely motions.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 17, 2018

cc: Megan E. Douglass, Esq.
    Benjamin T. King, Esq.
    J. Daniel Marr, Esq.
    Martha Van Oot, Esq.